(Slip Opinion) OCTOBER TERM, 2015 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## SHERIFF ET AL. *v.* GILLIE ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 15–338.   Argued March 29, 2016—Decided May 16, 2016

The Fair Debt Collection Practices Act (FDCPA or Act) aims to eliminate "abusive debt collection practices," 15 U. S. C. §1692(a)–(d), by, as relevant here, barring "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt," §1692e. Governing "debt collectors," the Act excludes from the definition of that term "any officer . . . of . . . any State to the extent that collecting . . . any debt is in the performance of his official duties." §1692a(6)(C).

   Under Ohio law, overdue debts owed to state-owned agencies and instrumentalities are certified to the State's Attorney General for collection or disposition.  Carrying out this responsibility, the Attorney General appoints, as independent contractors, private attorneys, naming them "special counsel" to act on the Attorney General's behalf.  The Attorney General requires special counsel to use the Attorney General's letterhead in communicating with debtors.  Among the special counsel appointed by the Attorney General in 2012 were petitioners Mark Sheriff and Eric Jones.  Consistent with the Attorney General's direction, Sheriff's law firm and Jones sent debt collection letters on the Attorney General's letterhead to respondents Hazel Meadows and Pamela Gillie, respectively.  The signature block of each letter contained the name and address of the signatory as well as the designation "special" or "outside" counsel to the State Attorney General.  Each letter also identified the sender as a debt collector seeking payment for debts to a state institution.  Meadows and Gillie filed a putative class action in Federal District Court, alleging that defendants had, by using the Attorney General's letterhead, employed deceptive and misleading means to attempt to collect consumer debts, in violation of the FDCPA.  The Ohio Attorney General in-

tervened, seeking a declaratory judgment that special counsel's use of the Attorney General's letterhead is neither false nor misleading, and urging that special counsel be deemed officers of the State exempted from the Act. The District Court granted summary judgment for defendants, holding that special counsel are "officers" of the State and, in any event, their use of the Attorney General's letterhead is not false or misleading. The Sixth Circuit vacated that judgment, concluding that special counsel, as independent contractors, are not entitled to the FDCPA's state-officer exemption. The appeals court remanded for trial the question whether use of the Attorney General's letterhead would mislead a debtor into believing that it is the Attorney General who is collecting the debt.

*Held*: Assuming, *arguendo*, that special counsel do not rank as "state officers" within the meaning of the Act, petitioners' use of the Attorney General's letterhead, nevertheless, does not offend §1692e.

   Special counsel's use of the Attorney General's letterhead at the Attorney General's direction does not offend §1692e's general prohibition against "false . . . or misleading representation[s]." The letterhead identifies the principal—Ohio's Attorney General—and the signature block names the agent—a private lawyer hired as outside counsel to the Attorney General. The character of the relationship between special counsel and the Attorney General bolsters the Court's determination. Special counsel work closely with attorneys in the Attorney General's Office, providing legal services on the Attorney General's behalf in furtherance of the Attorney General's debt collection responsibilities for the State. A debtor's impression that a letter from special counsel is a letter from the Attorney General's Office is thus scarcely inaccurate.

   Special counsel's use of the Attorney General's letterhead is also consistent with §1692e(9)'s specific prohibition against "falsely represent[ing]" that a communication is "authorized, issued, or approved" by a State. Because the Attorney General authorized—indeed required—special counsel to use his letterhead, special counsel create no false impression in doing just that. Nor did special counsel use an untrue name in their letters, in violation of §1692e(14). Special counsel do not employ a false name when they use the Attorney General's letterhead at his instruction, for special counsel act as the Attorney General's agents in debt-related matters. The Court sees no reason, furthermore, to construe the FDCPA in a manner that would interfere with the Attorney General's chosen method of fulfilling his statutory obligation to collect the State's debts.

   The Sixth Circuit raises the specter of consumer confusion and the risk of intimidation from special counsel's use of the Attorney General's letterhead, but its exposition is unconvincing. Pp. 6–11.

Syllabus

785 F. 3d 1091, reversed and remanded.

GINSBURG, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———————

No. 15–338

———————

## MARK J. SHERIFF, ET AL., PETITIONERS *v.* PAMELA GILLIE, ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

[May 16, 2016]

JUSTICE GINSBURG delivered the opinion of the Court.

Ohio law authorizes the State's Attorney General to retain, as independent contractors, "special counsel" to act on the Attorney General's behalf in collecting certain debts owed to Ohio or an instrumentality of the State. Ohio Rev. Code Ann. §109.08 (Lexis 2014). As required by the Attorney General, special counsel use the Attorney General's letterhead in communicating with debtors. App. 93. The Fair Debt Collection Practices Act, 91 Stat. 874, 15 U. S. C. §1692 *et seq.* (FDCPA or Act), aims to eliminate "abusive debt collection practices." §1692(a)–(d). To that end, the Act imposes various procedural and substantive obligations on debt collectors. See, *e.g.,* §1692d (prohibiting harassing, oppressive, or abusive conduct); §1692e (barring "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt"); §1692g(a) (setting out requirements for the contents of initial notices to consumers). The FDCPA excludes from the definition of "debt collector" "any officer or employee of the United States or any State to the extent that collecting . . . any debt is in the performance of his official duties."

§1692a(6)(C).

This case involves litigation between debtors to Ohio institutions and special counsel who sought to collect money owed to the institutions. The petition raises two questions: (1) Do special counsel appointed by Ohio's Attorney General qualify as "state officers" exempt from the FDCPA's governance? (2) Is special counsel's use of the Attorney General's letterhead a false or misleading representation proscribed by §1692e?

Assuming, *arguendo*, that special counsel do not rank as "state officers," we hold, nevertheless, that their use of the Attorney General's letterhead does not offend §1692e. Not fairly described as "false" or "misleading," use of the letterhead accurately conveys that special counsel, in seeking to collect debts owed to the State, do so on behalf of, and as instructed by, the Attorney General.

I

Responding to reports of abusive practices by third-party collectors of consumer debts, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." §1692(e). Primarily governing "debt collector[s]," the Act defines that term to include "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." §1692a(6). Excluded from the definition is "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." §1692a(6)(C).

Among other proscriptions, the FDCPA prohibits debt collectors from employing "false, deceptive, or misleading"

practices. §1692e. "Without limiting" this general ban, §1692e enumerates 16 categories of conduct that qualify as false or misleading. Two of those categories are pertinent to our review: "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of . . . any State, or which creates a false impression as to its source, authorization, or approval," §1692e(9); and "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization," §1692e(14). A debt collector who violates the Act is liable for both actual and statutory damages. §1692k(a).

This case concerns the debt collection practices of those charged with collecting overdue debts owed to Ohio-owned agencies and instrumentalities. Among such debts are past-due tuition owed to public universities and unpaid medical bills from state-run hospitals. Under Ohio law, overdue debts are certified to the State's Attorney General, who is responsible for collecting, settling, or otherwise disposing of them. Ohio Rev. Code Ann. §131.02(A), (C), (F). Carrying out this responsibility, the Attorney General may appoint private attorneys as "special counsel to represent the state" in collecting certified claims. §109.08.

Special counsel enter into year-long retention agreements "on an independent contractor basis" to "provide legal services on behalf of the Attorney General to one or more State Clients." App. 143–144. The Attorney General's Office assigns individual claims to special counsel, who are paid a set percentage of the funds they collect for the State. §109.08; *id.*, at 144–145, 149–152. With "the prior approval of the Attorney General," special counsel may litigate and settle claims on behalf of the State. *Id.,* at 149. Special counsel may continue to represent private clients so long as doing so does not create a conflict of

interest with their work for the Attorney General. Among
the special counsel appointed by the Attorney General in
2012 were Mark Sheriff, a partner at the law firm of
Wiles, Boyle, Burkholder, and Bringardner Co. LPA (Wiles
firm), and Eric Jones, of the Law Offices of Eric A. Jones,
LLC.

When special counsel contact debtors on behalf of the
State, the Attorney General requires them to use his
letterhead. *Id.*, at 93. Consistent with this requirement,
Sarah Sheriff, an employee of the Wiles firm, sent re-
spondent Hazel Meadows a debt collection letter on the
Ohio Attorney General's letterhead. The letter reads:

> "Sir/Madam: Per your request, this is a letter with the
> current balance owed for your University of Akron
> loan that has been placed with the Ohio Attorney
> General. Feel free to contact me at [telephone num-
> ber] should you have any further questions." *Gillie* v.
> *Law Office of Eric A. Jones, LLC*, 785 F. 3d 1091, 1119
> (CA6 2015).

The amount Meadows owed is listed in the letter's subject
line. *Ibid.* After the body of the letter, Sheriff's signature
appears, followed by the firm's name, its address, and the
designation "Special Counsel to the Attorney General for
the State of Ohio." *Ibid.*[1] The letter concludes with a
notice that it is "an attempt to collect a debt" and that the
senders "are debt collectors." *Ibid.*

Respondent Pamela Gillie received a letter, also on the
Ohio Attorney General's letterhead, in relation to a debt
she owed to a state-run hospital:

> "Dear Sir/Madam, You have chosen to ignore repeated
> attempts to resolv[e] the referenced . . . medical claim.
> If you cannot make immediate full payment call

————————
[1] As noted above, Mark Sheriff, not Sarah Sheriff, was appointed
special counsel.

DENISE HALL at Eric A. Jones, L.L.C., [phone number] at my office to make arrangements to pay this debt." *Id.,* at 1118.

That text is followed by a bolded, all-caps notice that the letter is "a communication from a debt collector." *Ibid.* Signed by Eric A. Jones, "Outside Counsel for the Attorney General's Office," the letter includes Jones's telephone and fax numbers. *Ibid.* A tear-away portion at the bottom of the page for return of payment is addressed to Jones's law office. *Ibid.*

After receiving these letters, Meadows and Gillie filed a putative class action in the United States District Court for the Southern District of Ohio, asserting that Mark Sheriff, Sarah Sheriff, Jones, and their law firms had violated the FDCPA. By sending debt collection notices on the Attorney General's letterhead rather than the letterhead of their private firms, Meadows and Gillie alleged, defendants had employed deceptive and misleading means to attempt to collect consumer debts. The Ohio Attorney General intervened as a defendant and counterclaimant, seeking a declaratory judgment that special counsel's use of his letterhead, as authorized by Ohio law,[2] is neither false nor misleading. Further, the Attorney General urged, special counsel should be deemed officers of the State and therefore outside the FDCPA's compass.

The District Court granted summary judgment for defendants, concluding that special counsel are "officers" of the State of Ohio and, in any event, their use of the Attorney General's letterhead is not false or misleading.

_____

[2] Ohio Rev. Code Ann. §109.08 (Lexis 2014) requires the Attorney General to provide special counsel with his "official letterhead stationery" for the collection of tax debts. The Attorney General has interpreted this provision as mandating the use of his letterhead for tax claims, but permitting its use for the collection of other debts. Whether this is a correct interpretation of Ohio law is not before us.

*Gillie* v. *Law Office of Eric A. Jones, LLC*, 37 F. Supp. 3d 928 (2014).

The Court of Appeals for the Sixth Circuit vacated the District Court's judgment. Because special counsel are independent contractors, the court determined, they are not entitled to the FDCPA's state-officer exemption. 785 F. 3d, at 1097–1098. Turning to the deceptive and misleading practices charge, the Court of Appeals concluded that there is a genuine issue of material fact as to whether an unsophisticated consumer would be misled "into believing it is the Attorney General who is collecting on the account." *Id.,* at 1106. The court therefore remanded the case for trial on this issue. *Id.,* at 1110.

Judge Sutton dissented from both holdings. In his view, "deputizing . . . private lawyers to act as assistant attorneys general makes them 'officers' of the State for . . . collection purposes." *Ibid.* He further concluded that special counsel's use of the Attorney General's letterhead "accurately describes the relevant legal realities—that the law firm acts as an agent of the Attorney General and stands in [his] shoes . . . in collecting money owed to the State." *Id.,* at 1110–1111. The Sixth Circuit denied en banc rehearing. We granted certiorari, 577 U. S. ___ (2015), and now reverse.[3]

## II

As they did below, petitioners maintain that, as special counsel appointed by the Attorney General, they are "officers" exempt from the FDCPA's governance, and that, in any case, the debt collection letters they sent to respondents comply with the Act. We pretermit the question

---

[3] We granted the petition for certiorari filed by Mark Sheriff, Sarah Sheriff, the Wiles firm, and the Ohio Attorney General. Jones and the Law Offices of Eric A. Jones, LLC, filed a separate petition for certiorari as well as a separate brief in this case in support of petitioners. We refer to defendants collectively as "petitioners."

whether, as petitioners contend and Judge Sutton would have held, special counsel qualify as state officers. For purposes of this decision, we assume, *arguendo*, that special counsel are not "officers" within the meaning of the Act and, therefore, rank simply as "debt collectors" within the FDCPA's compass. We conclude, nevertheless, that petitioners complied with the Act, as their use of the Attorney General's letterhead accurately conveys that special counsel act on behalf of the Attorney General.

Special counsel's use of the Attorney General's letterhead at the Attorney General's direction does not offend §1692e's general prohibition against "false . . . or misleading representation[s]." The letterhead identifies the principal—Ohio's Attorney General—and the signature block names the agent—a private lawyer hired as outside counsel to the Attorney General. It would not transgress §1692e, respondents acknowledge, if, in lieu of using the Attorney General's letterhead, special counsel's communications opened with a bold-face statement: "We write to you as special counsel to the [A]ttorney [G]eneral who has authorized us to collect a debt you owe to [the State or an instrumentality thereof]." Tr. of Oral Arg. 31 (internal quotation marks omitted). If that representation is accurate, *i.e.*, not "false . . . or misleading," it would make scant sense to rank as unlawful use of a letterhead conveying the very same message, particularly in view of the inclusion of special counsel's separate contact information and the conspicuous notation that the letter is sent by a debt collector.[4]

Our conclusion is bolstered by the character of the rela-

—————

[4] Although respondents argued below that Sarah Sheriff's inaccurate use of the "special counsel" designation also violates the FDCPA, they have not pursued that argument before this Court. In any case, the letter merely conveyed the debtor's remaining balance, without any suggestion of followup action. Sarah Sheriff's misstatement of her title thus qualifies as an immaterial, harmless mistake.

tionship between special counsel and the Attorney General. As earlier recounted, special counsel "provide legal services on behalf of the Attorney General to one or more State Clients" in furtherance of the Attorney General's responsibilities as debt collector for state-owned entities and instrumentalities. App. 143–144. In performing this function, special counsel work closely with attorneys in the Attorney General's Office. For example, Assistant Attorneys General "frequently assist Special Counsel in drafting pleadings, and sometimes join cases as co-counsel to assist Special Counsel with particularly sensitive or complex cases." *Id.*, at 102. Special counsel and Assistant Attorneys General even stand in one another's stead, as needed, to cover proceedings in ongoing litigation. *Ibid.* Given special counsel's alliance with attorneys within the Attorney General's Office, a debtor's impression that a letter from special counsel is a letter from the Attorney General's Office is scarcely inaccurate.[5]

On safe ground with respect to §1692e's general proscription against false and misleading representations, special counsel's use of the Attorney General's letterhead is consistent too with §1692e(9)'s specific prohibition against "falsely represent[ing]" that a communication is "authorized, issued, or approved" by a State. In enacting this provision, Congress sought to prevent debt collectors from "misrepresenting" that they are "government official[s]." S. Rep. No. 95–382, p. 8 (1977). Here, the Attorney General authorized—indeed required—special counsel to use his letterhead in sending debt collection communications. Special counsel create no false impression in doing just what they have been instructed to do. Instead, their use of the Attorney General's letterhead conveys on

_____

[5] We address here only "special counsel." The considerations relevant to that category may not carry over to other debt-collector relationships.

whose authority special counsel writes to the debtor. As a whole, the communication alerts the debtor to both the basis for the payment obligation and the official responsible for enforcement of debts owed to the State, while the signature block conveys who the Attorney General has engaged to collect the debt.

Nor did special counsel, in sending letters on the Attorney General's letterhead, use a name other than their "true name," in violation of §1692e(14). Although the FDCPA does not say "what a 'true name' is, its import is straightforward: A debt collector may not lie about his institutional affiliation." 785 F. 3d, at 1115 (Sutton, J., dissenting). Special counsel do not employ a false name when using the Attorney General's letterhead at his instruction, for special counsel, as the Attorney General's agents, act for him in debt-related matters. Far from misrepresenting special counsel's identity, letters sent by special counsel accurately identify the office primarily responsible for collection of the debt (the Attorney General), special counsel's affiliation with that office, and the address (special counsel's law firm) to which payment should be sent.[6]

We further note a federalism concern. "Ohio's enforcement of its civil code—by collecting money owed to it—[is] a core sovereign function." *Gillie* v. *Law Office of Eric A. Jones, LLC*, No. 14–3836 (CA6, July 14, 2015), App. to Pet. for Cert. 10a (Sutton, J., dissenting from denial of rehearing en banc). Ohio's Attorney General has chosen to appoint special counsel to assist him in fulfilling his obliga-

_____

[6] Because we conclude that the letters sent by petitioners were truthful, we need not consider the parties' arguments as to whether a false or misleading statement must be material to violate the FDCPA, or whether a potentially false or misleading statement should be viewed from the perspective of "the least sophisticated consumer," Brief for Respondent Gillie et al. 57, or "[t]he average consumer who has defaulted on a debt," Brief for Petitioners 41.

tion to collect the State's debts, and he has instructed his appointees to use his letterhead when acting on his behalf. There is no cause, in this case, to construe federal law in a manner that interferes with "States' arrangements for conducting their own governments." *Nixon* v. *Missouri Municipal League*, 541 U. S. 125, 140 (2004) (citing *Gregory* v. *Ashcroft*, 501 U. S. 452, 460 (1991)).

The Sixth Circuit's contrary exposition is unconvincing. Use of the Attorney General's letterhead, the Court of Appeals emphasized, has led to confusion among debtors, as the Attorney General has received phone calls inquiring whether letters sent by special counsel are authentic. 785 F. 3d, at 1107. But the Sixth Circuit overlooked that the Attorney General's prompt and invariable answer to those inquiries was "yes." To the extent that consumers may be concerned that the letters are a "scam," the solution is for special counsel to say more, not less, about their role as agents of the Attorney General. Special counsel's use of the Attorney General's letterhead, furthermore, encourages consumers to use official channels to ensure the legitimacy of the letters, assuaging the very concern the Sixth Circuit identified.

In addition to the specter of consumer confusion, the Sixth Circuit stressed the risk of intimidation—that the Attorney General's letterhead would "place pressure on those individuals receiving the letters" to pay their state debts. *Id.*, at 1105. There are two bases for this concern, neither of which is persuasive. First, invocation of the Attorney General's *imprimatur* could lead debtors to prioritize their debt to the State over other, private debts out of a belief that the consequences of failing to pay a state debt would be more severe. This impression is not false; the State does have enforcement powers beyond those afforded private creditors. A debtor's tax refund, for example, "may be applied in satisfaction" of her debt, regardless of whether the State has obtained a judgment,

Ohio Rev. Code Ann. §5747.12 (Lexis 2013), and a debt owed to the State takes priority over most private debts in state probate proceedings, §2117.25(A) (Lexis Supp. 2015). "The special consequences of state debts explain why the Act bars debt collectors *unaffiliated* with a State from using the State's name to scare debtors into paying. When the State itself is doing the demanding, however, nothing about the resulting fear misleads." 785 F. 3d, at 1116 (Sutton, J., dissenting). In other words, §1692e bars debt collectors from deceiving or misleading consumers; it does not protect consumers from fearing the actual consequences of their debts.

Second, debtors might worry that the letters imply that the Attorney General, as the State's top law enforcement official, intends to take punitive action against them. "But neither of the milquetoast letters [received by respondents] . . . threatens criminal prosecution, civil penalties, or any action whatsoever." *Id.*, at 1116–1117. Use of the Attorney General's letterhead merely clarifies that the debt is owed to the State, and the Attorney General is the State's debt collector. The FDCPA is not sensibly read to require special counsel to obscure that reality.[7]

\*　\*　\*

For the reasons stated, the judgment of the Court of Appeals for the Sixth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

———————

[7] Having determined that use of the Attorney General's letterhead inaccurately suggested that the letters were from the Attorney General's Office, the Sixth Circuit remanded to the District Court for trial on whether this practice was "materially false, deceptive and misleading." *Gillie* v. *Law Office of Eric A. Jones, LLC*, 785 F. 3d 1091, 1109–1110 (2015). But all of the relevant facts are undisputed, and the application of the FDCPA to those facts is a question of law. The District Court therefore properly granted summary judgment for defendants.